IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $3,560.00 IN U.S. CURRENCY, ) <br> ) <br> Defendant. ) <br> ) | Civil No. 4:19-cv-00013 <br><br> VERIFIED COMPLAINT FOR FORFEITURE *IN REM* |

Plaintiff, United States of America hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I.   NATURE OF THE ACTION

1. This is an action to forfeit and condemn specific property to the use and benefit of the United States of America ("Plaintiff") for involvement, as set forth below, in violations of 21 U.S.C. § 846 (attempt and conspiracy) and § 841(a)(1)(prohibited acts).

2. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money or a thing of value furnished or intended to be furnished by a person in exchange for a controlled substance, in violation of subchapter I – Control and Enforcement, of Chapter 13 – Drug Abuse Prevention and Control, and Title 21 – Food and Drugs, of

the United States Code, and proceeds traceable to such an exchange, and money used or intended to be used to facilitate any violation of said subchapter.

## II. DEFENDANT *IN REM*

3.  The defendant property is generally described as $3,560.00 in United States currency seized in the execution of a search warrant, and a consent search, at 2000 East Virginia Avenue, Apartment 6, Des Moines, Iowa. The defendant property is in the custody of the U.S. Drug Enforcement Agency.

## III. JURISDICTION AND VENUE

4.  This Court has jurisdiction over an action commenced by the United States of America under 28 U.S.C. Section 1345 and over an action for forfeiture under 28 U.S.C. Section 1355(a).

5.  This Court has *in rem* jurisdiction and venue over the defendant property under 28 U.S.C. Sections 1355(b) and 1395(b) as the acts or omissions giving rise to the forfeiture occurred in this district and because the defendant property was seized from and is located in this district.

## IV. FACTS

6. The "Controlled Substances Act" was enacted by Congress as Title II of the "Comprehensive Drug Abuse Prevention and Control Act of 1970," Pub.L. No. 91-513, 84 Stat. 1236 (1970) (codified at 21 U.S.C. §§ 801-904).

7. The term "controlled substance" is defined in 21 U.S.C. § 802(6) to mean a drug or other substance, or immediate precursor, included in any of the five schedules of such substances set forth in subchapter I of Title 21.

8. Schedule I substances have a high potential for abuse, and have no currently accepted medical use in treatment in the United States, and there is a lack of accepted safety for use of the drug under medical supervision. 21 U.S.C. § 812(b)(1)(A) - (C).

9. Schedule II substances have a high potential for abuse, and the drug or substance has a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions. Abuse of a Schedule II controlled substance may lead to severe psychological or physical dependence 21 U.S.C. § 812(B)(2)(A) – (C).

10. Schedule II substances include methamphetamine. 21 U.S.C. § 812(b), Schedule II.

11. Under the Controlled Substances Act, it is unlawful to distribute, dispense, or possess with intent to distribute a controlled substance unless authorized by law to do so. 21 U.S.C. § 841(a)(1).

12. Under the Controlled Substances Act, it is unlawful to conspire with others to violate its prohibitions. 21 U.S.C. § 846.

13. It is believed that, or will be after a reasonable opportunity for further investigation and discovery, evidence will show the defendant property constituted the proceeds of a prohibited controlled substance offense, or was used or intended to be used to facilitate a prohibited controlled substance offense.

14. Beginning at a time unknown, but by at least July 2018, persons associated with defendant property conspired together to illegally distribute controlled substances, including heroin and methamphetamine, with parts of the operation in Mexico, California, Iowa, and elsewhere.

15. On July 12, 2018, law enforcement officers with the U.S. Drug Enforcement Administration and the Mid-Iowa Narcotics Enforcement

Task Force executed served a search warrant at 2000 East Virginia Avenue, Apartment 6, Des Moines, Iowa, where a member of the conspiracy, namely a drug courier, was to meet his contact.

16. Gerardo Lopez Montoya was present at the time of the execution of the warrant. Gerardo Lopez Montoya gave investigators written consent to search the black Acura he was driving.

17. During a search of the black Acura, law enforcement officers located and seized approximately 51.5 grams of white crystalline methamphetamine and approximately $2,700.00 cash in a black leather bag in the Acura. In the pocket of a pair of pants located in the trunk, law enforcement officers also located approximately $860.00 in U.S. currency.

18. The $2,700 and $860 in U.S. Currency is the defendant property herein.

19. During a post-Miranda interview with investigators, Gerardo Lopez Montoya stated that he sold methamphetamine, was not employed, and the U.S. currency seized from his vehicle was payment for methamphetamine purchased from another person for approximately two pounds of methamphetamine.

20. In a Post-Miranda statement, Lopez Montoya said he had traveled that day to 2000 E. Virginia Ave., Apartment #6 to deliver cash from a previous methamphetamine transaction to an individual he identified.

21. The methamphetamine in the trunk of the vehicle was the leftover methamphetamine from the previous two pounds of methamphetamine sold to Lopez Montoya by another member of his network of methamphetamine users and dealers.

22. Based on the foregoing facts, and others, the defendant property was used or intended to be used to facilitate illegal sales of controlled substances, including, but not limited to, methamphetamine, as part of the conspiracy in which Lopez Montoya and others participated.

## CLAIM FOR RELIEF

WHEREFORE, the United States prays that the defendant property be forfeited to the United States and that it be awarded its costs and disbursements in this action and for such other and further relief as the Court deems property and just.

                    Respectfully submitted,

                    Marc Krickbaum
                    United States Attorney

By:  */Craig Peyton Gaumer*
                    Craig Peyton Gaumer
                    Assistant United States Attorney
                    U. S. Courthouse Annex,
                    Suite 286
                    110 East Court Avenue
                    Des Moines, Iowa 50309
                    Tel: (515) 473-9300
                    Fax: (515) 473-9292
                    Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Thomas Smith, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, and that I have read the foregoing Verified Complaint *in Rem, United States v. $3,560.00 in U.S. Currency* and know the contents thereof and the matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds for my belief are the official files and records of the United States and information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as Special Agent with the United States Drug Enforcement Administration.

Dated: January 10, 2019.

_____
Thomas M. Smith, Special Agent
U.S. Drug Enforcement Administration